Ex parte Frank SLAVIN.

No. 55195.

Court of Criminal Appeals of Texas.

July 6, 1977.

Rehearing Denied Sept. 14, 1977.

Donald S. Gandy, Fort Worth, for appellant.

Tim C. Curry, Dist.Atty., Marvin Collins, Stephen R. Chaney and Ronald G. Knight, Asst.Dist.Attys., Fort Worth, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This an appeal from the order of the trial court entered in two habeas corpus proceedings in which appellant sought a reduction in bail and attacked the validity of the indictment against him on the grounds that the prosecution was barred by the statute of limitations.

The hearing on both writs was consolidated by agreement. The first application attacked the validity of the indictment. The second writ also attacked the validity of the indictment but, in addition, asserted that the bail which had been set in the amount of $20,000.00 was excessive.

■ We have examined the record of the hearing and find that at no time was any testimony offered on the issue of excessive bail. There is nothing before us for review on the issue of excessive bail.

■ Appellant's other contention is that since the first indictment in his cause was held by us to be void in *Slavin v. State*, Tex.Cr.App., 548 S.W.2d 30, the pendency of the same was not, therefore, capable of tolling the statute of limitations and, accordingly, the action was barred by the statute of limitations prior to the return of the second indictment.

Appellant concedes that there are no cases by this Court which substantiate his position but urges that we should consider the Georgia case of *Taylor v. State*, 160 Ga. 331, 127 S.E. 652 (1925) as being authority for his contention.

Appellant was first indicted for the offense of indecency with a child on June 18, 1974. The offense was alleged to have been committed on May 17, 1974. The indictment further alleged two prior felony convictions. Upon his trial appellant was found guilty and his punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. On appeal we held that the indictment was fundamentally defective in that although it alleged that appellant knowingly and intentionally engaged in sexual contact with V_____ R_____ F_____, a child younger than 17 years and not then the spouse of the defendant, by touching the genitals of V_____ R_____ F_____, it failed to allege that the act was done with intent to arouse or gratify the sexual desire of any person. *Slavin v. State*, supra.

Our mandate dated April 1, 1977 ordering the dismissal of the cause because of the faulty indictment was received on April 7, 1977 by the trial court which promptly dismissed the cause as directed. The present indictment was returned on May 12, 1977.

Appellant acknowledges that Article 12.-05, Vernon's Ann.C.C.P., is as follows:

"(a) The time during which the accused is absent from the state shall not be computed in the period of limitation.

"(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

"(c) The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason."

Appellant argues, in effect, that although every void indictment is necessarily invalid every invalid indictment is not necessarily void. He cites *Taylor v. State*, supra, as supportive of this contention. However, that case involved the sale of securities without a license. The penal statute under which the indictment was drawn expressly excluded the type of security Taylor was alleged to have sold. Another penal statute prohibited the sale of that type of security without a different type license. Accordingly, the first indictment, on its face, did not charge an offense and the second indict-

ment charged a new, separate and distinct offense under a different statute. Under such circumstances, the Georgia Supreme Court held that the second indictment was barred by the statute of limitations. In the instant case the second indictment was brought under the same penal statute as the first. This fact distinguishes this case from the one cited by appellant. We hold that the statute of limitations was tolled by the first indictment.

The order of the trial court is affirmed and relief is denied.

Opinion approved by the Court.