**George Ray PRINCE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–94–186–CR.**

Court of Appeals of Texas, Eastland.

Jan. 11, 1996.

Rehearing Overruled Feb. 1, 1996.

---

Gary L. Hacker, Whitten & Young, Abilene, for appellant.

James Eidson, Criminal District Attorney, Abilene, Nelda Williams, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

This is an appeal from a conviction for the March 1, 1983, aggravated sexual abuse of P.R.[1] We affirm.

Appellant was originally indicted in 1983. The trial court convicted appellant, upon his plea of guilty, of aggravated sexual abuse and assessed his punishment at confinement for 50 years.[2] Appellant did not perfect an appeal from this conviction. Later, appellant filed a post conviction writ of habeas corpus contending that his 1983 guilty plea was not freely and voluntarily entered. The Court of Criminal Appeals in an unpublished opinion granted the writ, set aside the 1983 conviction, and ordered that appellant be remanded to the trial court to answer the 1983 indictment. Ex parte George Ray Prince, No. 71,538 (Tex.Cr.App. November 4, 1992) (opinion not reported).

On September 8, 1994, the State re-indicted appellant for the 1983 aggravated sexual abuse of P.R. The following day, the trial court dismissed the 1983 indictment. A trial to the jury commenced on the 1994 indictment. During the trial, appellant withdrew his not guilty plea and entered a plea of guilty before the jury to the 1994 indictment. The jury convicted appellant of all three counts of aggravated sexual abuse alleged in the 1994 indictment and assessed his punishment at confinement for 88 years. Appellant perfected the present appeal from this conviction.

In his sole point of error, appellant contends that the trial court lacked jurisdiction

---

1. TEX.PENAL CODE § 21.05 (1981) defined the offense of aggravated sexual abuse and declared that it was a felony of the first degree. Section 21.05 was repealed effective September 1, 1983. At the same time, TEX.PENAL CODE ANN. § 22.021 (Vernon 1994 & Supp.1996) was created, and the offense of aggravated sexual abuse was then included in the newly defined offense of aggravated sexual assault.

2. TEX.PENAL CODE ANN. § 12.32 (Vernon 1994) provides that a person convicted of a first degree felony shall be punished by confinement for life or for a term of not more than 99 years but not less than 5 years. An optional fine not to exceed $10,000 is also authorized.

to prosecute him in 1994 because the 1994 indictment showed on its face that the five year statute of limitations [3] had run since the commission of the offense in 1983. Appellant argues that, at the hearing on his motion to quash the 1994 indictment, the State did not establish that the tolling provisions of TEX. CODE CRIM.PRO.ANN. art. 12.05(b) & (c) (Vernon 1977) applied. Specifically, appellant argues that the 1983 indictment was an invalid indictment which did not confer jurisdiction on the trial court and that the 1983 indictment alleged an offense under a different penal statute than the 1994 indictment. Therefore, appellant argues that the tolling provisions of Article 12.05(b) & (c) do not apply to the time that the 1983 indictment was pending before the trial court.

Subsections (b) & (c) of Article 12.05 provide:

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

At the hearing on the motion to quash the indictment, the State established that the 1983 indictment was still pending on September 8, 1994, the date that the 1994 indictment was returned. Moreover, the 1994 indictment stated in its final paragraph that the 1983 indictment was returned on May 6, 1983, and had been pending in the trial court "at all times since May 6, 1983, including the date of this [1994] Indictment."

■ The Court of Criminal Appeals held in *Ex parte Slavin*, 554 S.W.2d 691 (Tex.Cr. App.1977), that under Article 12.05(b) the

time that an invalid first indictment is pending in the trial court tolls the statute of limitations as long as the second indictment is brought under the same penal statute as the invalid first indictment. Appellant argues that, because the 1983 indictment tracked the language of Section 21.05 as it read in 1975 [4] and the 1994 indictment tracked the language of Section 21.05 as amended in 1981,[5] the indictments are not brought under the same penal statute. We disagree.

The first count of the 1983 indictment alleged that appellant engaged in deviate sexual intercourse with P.R. without her consent and that he compelled P.R. to submit to the act "by threat of death and serious bodily injury." The 1975 language of Section 21.05(a)(2) provided that a person committed the offense of aggravated sexual abuse if he committed sexual abuse [6] and he compelled "submission to the sexual abuse by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." The third count of the 1994 indictment alleged that appellant engaged in deviate sexual intercourse with P.R. without her consent and that he compelled P.R. to submit "by acts, words and deeds occurring in the presence of the said [P.R.] by threatening to cause death and serious bodily injury to the said [P.R.]." Under the 1981 amendments, Section 21.05(a)(3) provided that a person committed the offense of aggravated sexual abuse if he committed the sexual abuse as defined by Section 21.04 and he "by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone."

■ We hold that the first count of the 1983 indictment and the third count of the 1994 indictment were brought under the same penal statute. The fact that the 1981

---

3. TEX.CODE CRIM.PRO.ANN. art. 12.01 (Vernon Supp.1996).

4. TEX.PENAL CODE § 21.05 (amended 1981) (repealed effective September 1, 1983).

5. TEX.PENAL CODE § 21.05 (1981) (repealed effective September 1, 1983). We note this is the applicable version of the Section 21.05 to the

facts of this case. The State inadvertently tracked the 1975 version in its 1983 indictment.

6. TEX.PENAL CODE § 21.04 (1975) (repealed effective September 1, 1983, and codified under TEX.PENAL CODE ANN. § 22.011 (Vernon 1994 & Supp.1996) as sexual assault) defined the offense of sexual abuse and included deviate sexual intercourse.

amendments renumbered the subsections under Section 21.05 and added new subsections does not make the two versions of Section 21.05 different penal statutes. Under the facts of this case, the elements of the offense of aggravated sexual abuse are substantially the same for both the 1975 and 1981 versions. We note that, while the 1975 version required that the threat be of imminent death, serious bodily injury, or kidnapping and the 1981 version did not require the threat to be of imminent harm, this does not render these statutes different penal statutes for the purposes of tolling the statute of limitations under Ex parte Slavin, supra.

The State established that the pending of the 1983 indictment tolled the running of the statute of limitations and that the prosecution under the 1994 indictment was not barred. The trial court did not err in overruling appellant's motion to quash the 1994 indictment. The point of error is overruled.

The judgment of the trial court is affirmed.