No. 04-97-00956-CR



Jesus Anselmo HERNANDEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-5964


Honorable Sharon MacRae, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: July 8, 1998


AFFIRMED


 Jesus Anselmo Hernandez appeals his conviction of aggravated assault with a deadly
weapon. In a single point of error, Hernandez argues the evidence is legally insufficient to support
his conviction because the State failed to prove beyond a reasonable doubt that its prosecution was
not barred by the applicable statute of limitations. We affirm.

 The facts pertinent to Hernandez's claim relate to the progression of his prosecution. At trial,
the State produced a custodian of court records for Bexar County who testified that on or about
August 27, 1992, a grand jury returned an indictment against Hernandez in the 290th Judicial
District Court. The indictment alleged that Hernandez committed aggravated assault with a deadly
weapon on April 6, 1992. For some reason not revealed by the record, the original indictment
against Hernandez was dismissed on December 3, 1996. He was subsequently re-indicted in the
same district court on December 10, 1996. The trial court instructed the jury not to include the time
during the pendency of the indictment in its statute of limitations calculation but to acquit Hernandez
if it found the State failed to timely prosecute him. The jury returned a guilty verdict and sentenced
Hernandez to ten years confinement.

 The statute of limitations in this case is three years. Tex. Code Crim. Proc. Ann. art.
12.01(6) (Vernon Supp. 1998). Furthermore, the statute of limitations is tolled during the pendency
of an indictment so long as the second indictment is brought under the same penal statute. See Tex.
Code Crim. Proc. Ann. art. 12.05(b) (Vernon 1977); Ex parte Slavin, 554 S.W.2d 691 (Tex. Crim.
App. 1977). Therefore, the limitations period in Hernandez's case was tolled from August 27, 1992
to December 3, 1996. As a result, the time period between the date of the alleged offense and the
date the first indictment was returned, added to the time period between the dismissal of the first
indictment and re-indictment, does not exceed three years. Viewing this evidence in the light most
favorable to the verdict, we hold that the State produced sufficient evidence for a rational trier of fact
to have found beyond a reasonable doubt that its prosecution was timely. See Jackson v. Virginia,
443 U.S. 307, 319 (1979); King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).


 Accordingly, we overrule Hernandez's sole point of error and affirm the trial court's
judgment.


 Paul W. Green, Justice

DO NOT PUBLISH


Return to 4th Court of Appeals