# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00758-CR

## Ex parte Gilbert Henry Hollub, Jr.

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-99-0595-A, HONORABLE CHARLES R. RAMSAY, JR., JUDGE PRESIDING

Gilbert Henry Hollub, Jr., applied for a writ of habeas corpus alleging that prosecution of the indictment pending against him in Hays County cause number CR-99-0595 is barred by the statute of limitations. The writ issued and, after a hearing, relief was denied. We affirm the district court's order.

When a prosecution is brought under a valid statute or ordinance, pretrial habeas corpus is generally not available to test the sufficiency of the indictment, information, or complaint. *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001). Pretrial habeas corpus relief is available, however, if the charging instrument shows *on its face* that the offense charged is barred by limitations. *Id.*; *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977) (alleged date of offense outside limitations period and no allegation that statute was tolled).

The habeas corpus court should not go beyond the face of the charging instrument when considering a limitations claim. *Tamez*, 38 S.W.3d at 161. If an indictment or information does not show on its face that the charged offense is barred by limitations, the accused is not entitled to

pretrial habeas corpus relief. *Id.* In *Tamez*, for example, an aggravated perjury indictment alleged that the defendant made two statements under oath, both of which could not be true. *Id*. at 160; *see also* Tex. Pen. Code Ann. § 37.06 (West 1994). The defendant sought pretrial habeas corpus relief on the ground that one of the two statements had been made outside the applicable limitations period. *Tamez*, 38 S.W.3d at 160. Because this fact was not shown on the face of the indictment, the defendant was not entitled to pretrial habeas corpus relief. *Id*. at 161 & n.3.

In the cause before us, the challenged indictment accuses Hollub of selling unregistered securities (count one) and failing to register as a securities dealer (count two). *See* Tex. Rev. Civ. Stat. Ann. art. 581-29(A), (B) (West Supp. 2001). The applicable limitations period is three years. *See* Tex. Code Crim. Proc. Ann. art. 12.01(6) (West Supp. 2001); *see also Cooper v. State*, 527 S.W.2d 563, 565 (Tex. Crim. App. 1975). The indictment was filed on December 8, 1999 and alleges that the offenses took place on or about March 19, 1996. To overcome the limitations barrier, the indictment alleges that the statute of limitations was tolled from March 4, 1998, when indictments accusing Hollub of the same offenses were filed in Hays County cause numbers CR-98-0093 and CR-98-0094, to October 14, 1999, when the original indictments were quashed by the district court. *See* Tex. Code Crim. Proc. Ann. art. 12.05(b) (West 1977) ("time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation").[1]

---

[1] It is not clear from the record why the original indictments were set aside. The two counts of the new indictment primarily differ from the 1998 indictments in that they describe the securities and the manner in which they were sold with greater detail.

2

Hollub contends the 1998 indictments did not toll the statute of limitations because the name of the complaining witness in those indictments, David R. David, differs from the name of the complaining witness, David Davio, in the current indictment. Hollub argues that because "David" and "Davio" are not *idems sonans* and there is no evidence that David Davio is also known as David David, an acquittal on the 1998 indictments would not have barred prosecution on the new indictment on double jeopardy grounds. *See Fulmer v. State*, 731 S.W.2d 943, 946 (Tex. Crim. App. 1987) (acquittal based on indictment incorrectly naming complainant did not bar retrial based on new indictment correctly naming complainant). From this, he concludes that the 1998 indictments cannot toll the statute of limitations in the present cause.

It was necessary for Hollub to prove the indictments in cause numbers CR-98-0093 and CR-98-0094 in order to advance his statute of limitations claim. Because the limitations bar asserted by Hollub does not appear on the face of the challenged indictment, he is not entitled to pretrial habeas corpus relief. *Tamez*, 38 S.W.3d at 161.

It is instructive to compare the present cause with *Ex parte Ward*, 560 S.W.2d 660 (Tex. Crim. App. 1978). In that case, an indictment accusing the defendant of aggravated rape alleged that the statute of limitations had been tolled by the filing of a complaint in justice court. *Id*. at 661. The court held that because the justice of the peace did not have jurisdiction of the felony offense, the filing of the complaint did not toll the statute of limitations. *Id*. at 662. Unlike the indictment now before us, the indictment in *Ward* showed on its face that the prosecution was barred by the statute of limitations.

3

We are aware of the opinion in *Ex parte Slavin*, 554 S.W.2d 691 (Tex. Crim. App. 1977). In that case, the defendant was reindicted for indecency with a child after his original conviction was reversed on appeal because the first indictment failed to allege a necessary element of the offense. *Id*. at 692. The new indictment alleged that the statute of limitations, which otherwise would have barred prosecution, had been tolled during the pendency of the original indictment. *Id*. The defendant challenged the new indictment in a pretrial habeas corpus proceeding, arguing that the first indictment did not toll the running of limitations because of its previously identified fundamental defect. *Id*. The court considered and rejected the merits of this claim, holding that an invalid indictment will toll the statute of limitations. *Id*. at 693. Arguably, the statute of limitations claim in *Slavin* was not based on the face of the new indictment. This issue was not mentioned in the opinion, however, and it cannot be determined whether the court's failure to deny relief on that basis was considered or inadvertent.

The district court did not err by denying relief even if Hollub's limitations claim is properly before us. The two counts of the current indictment allege the same statutory offenses, committed on the same date, as the two 1998 indictments. *See id*. (invalid indictment alleging same statutory offense tolls statute of limitations). Despite the slight variation in the spelling of the complainant's last name, it is obvious that the new indictment is based on the same transaction as the 1998 indictments and we do not understand Hollub to argue otherwise. If Hollub is correct in asserting that an acquittal on the original indictments would not have barred a subsequent prosecution under the current indictment, a question we do not decide, he cites no authority holding that this is

4

a relevant consideration in determining whether the original indictments tolled the statute of limitations.

Hollub's sole issue on appeal is overruled and the district court's order denying relief is affirmed.

_____

_

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   May 31, 2001

Do Not Publish