**Alexander HERNANDEZ, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 11–01–00063–CR.**

Court of Appeals of Texas,
Eastland.

March 14, 2002.

John G. Tatum, Richardson, for appellant.

Bill Hill, Crim. Dist. Attorney–Appellate Section, Lisa Braxton Smith, Asst. Dist. Atty., Dallas, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

Opinion

BOB DICKENSON, Senior Justice (Retired).

After the trial court overruled his motion to quash the indictment and his motion to suppress evidence, Alexander Hernandez entered a plea of guilty pursuant to a plea bargain. The trial court then found him guilty of possessing more than four grams of methamphetamine and sentenced him pursuant to the plea bargain: confinement for 5 years (probated) and a fine of $1,500 (not probated). This appeal has been perfected under TEX.R.APP.P. 25.2(b)(3) to challenge the trial court's rulings on the two written pretrial motions. We reverse the conviction, sustain the motion to quash the indictment, and dismiss the cause.

## Points of Error

■ Appellant argues in his first point of error that the statute of limitations had run on this offense and that the trial court erred in overruling his motion to quash the indictment. Our ruling on this point is dispositive; consequently, the second point of error will not be discussed.[1] See TEX. R.APP.P. 47.1 which requires appellate opinions to be "as brief as practicable" and to discuss only the issues which are "necessary to final disposition of the appeal."

## The Two Indictments

The original indictment was filed on July 24, 1997, and it charged that on or about July 19, 1997, appellant did:

[U]nlawfully, knowingly and intentionally possess a controlled substance, to-wit: AMPHETAMINE, in an amount by aggregate weight, including any adulterants or dilutants, of 4 grams or more but less than 400 grams.

The second indictment was filed on September 27, 2000, and it charged that on or about July 19, 1997, appellant did:

[U]nlawfully, knowingly and intentionally possess a controlled substance, to-wit: METHAMPHETAMINE, in an amount by aggregate weight, including any adulterants or dilutants, of 4 grams or more but less than 200 grams.[2]

## Hearing on Motion to Quash Indictment

Appellant testified at the hearing on his motion to quash the second indictment that he had not been outside the State of Texas at any time since July 24, 1997, and that he had been incarcerated in this state during part of that time. Appellant rested, and the State asked the trial court to take judicial notice of the first indictment. Appellant's attorney then argued that the first indictment was for a different offense than the second indictment, and his argument to the trial court reads as shown:

It's our contention [the second indictment is] barred by the statute of limitations. The cases I read, Judge, is if a person is charged under one statute and they come back and reindict them under

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Appellant argues in this point that the trial court erred in overruling his motion to suppress evidence which was seized without a warrant.

2. This indictment also charged that "an indictment charging the above offense was pending in a court of competent jurisdiction" from July 24, 1997, until September 20, 2000.

that same statute, the first one holds the running of the statute [of limitations].

Now, *were possession of amphetamine and possession of methamphetamine the same penal statute,* we wouldn't be here.

\*     \*     \*

It's our position here that they have indicted [appellant] under one statute. And then three years after that happened, they indict him for the same offense under another statute. *It's not the same penal law.* And this new one is barred by The Statute of Limitations. (Emphasis added)

The prosecuting attorney then replied that "amphetamine" and "methamphetamine" are within the same penal statute and that the motion to quash should be denied.

### Controlling Authority

TEX. CODE CRIM. PRO. ANN. art. 12.05(b) (Vernon 1977) provides that: "The time during the pendency of an indictment ... shall not be computed in the period of limitation." The Court of Criminal Appeals held in *Ex parte Slavin,* 554 S.W.2d 691, 693 (Tex.Cr.App.1977), that the statute of limitations was tolled by the first indictment when the second indictment "was brought under the same penal statute as the first." See also *Prince v. State,* 914 S.W.2d 672, 674 (Tex.App.—Eastland 1996, pet'n ref'd).

The Court of Criminal Appeals held in *Watson v. State,* 900 S.W.2d 60, 62 (Tex. Cr.App.1995), that:

[T]he Legislature intended to make possession of *each* individual substance within the same penalty group a separate and distinct offense. (Emphasis in original)

In *Nichols v. State,* 52 S.W.3d 501, 503 (Tex.App.—Dallas 2001, no pet'n), the Dallas Court of Appeals discussed a problem similar to the one before us:

If possession of each individual substance within a penalty group was the same statutory offense, the State could amend an indictment over objection, interchanging among any one of the *nine subsections and over one hundred complex chemical structures* individually composing Penalty Group 1, at will. This would directly contravene the statutory intent of the legislature as discussed in *Watson* [supra].

We hold that possession of each individual substance within the same penalty group constitutes a different statutory offense. (Emphasis in original)

In the case now before us, the two controlled substances are not even within the same penalty group. Methamphetamine is listed in "Penalty Group 1" while amphetamine is listed in "Penalty Group 2." See TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6) & 481.103(a)(3) (Vernon Pamph. Supp.2002). Moreover, the punishments are set by different provisions of the Code. See TEX. HEALTH & SAFETY CODE ANN. §§ 481.112 & 481.113 (Vernon Pamph. Supp.2002). Consequently, we hold that the second indictment did not charge the same offense which was charged by the first indictment. Therefore, the second indictment is barred by the three-year statute of limitations. See TEX. CODE CRIM. PRO. ANN. art. 12.01 (Vernon Supp.2002). The first point of error is sustained.

### This Court's Ruling

The judgment of conviction is reversed; the motion to quash the indictment is sustained; and the indictment is dismissed.