COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-028-CR
 
TERRY DON MCALISTER                                                        APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY 
 
------------
 
OPINION
 
------------
        Appellant Terry Don McAlister was convicted by a jury of the offense of 
assault. The trial court then assessed his punishment at 30 days’ confinement 
in the Wichita County Jail, probated for one year, plus a $300 fine. On appeal, 
appellant contends that his conviction was time-barred. We affirm. 
 


Background
        Appellant was originally arrested for misdemeanor assault causing bodily 
injury to Amos McAlister, which took place on June 6, 1999. The original 
information was filed on July 9, 1999, under cause number 9202-E. Appellant 
contends another information was filed on July 19, 1999, under cause number 
19713-E. Since we cannot find any evidence supporting this contention, we 
will not discuss the alleged second information. 
 

 A third information was filed 
on July 24, 2002, under cause number 19797-E. When the State filed the July
24 information, it moved to dismiss cause number 9202-E. Appellant filed a
Motion To Quash And Exception To Substance Of Information, claiming that the
19797-E information was time-barred. The trial court denied his motion and
proceeded to trial under cause number 19797-E. This information described the
same assault that took place on June 6, 1999, against the same victim, Amos
McAlister, only with more specificity.
Issues and Standards on Appeal
        On appeal, appellant contends that the trial court erred in denying his 
motion to quash because the prosecution for the assault offense was barred 
under article 27.08 of the code of criminal procedure, which creates a defense 
from prosecution for a time-barred prosecution under article 12.02 of the code. 
 Tex. Code Crim. Proc. Ann. arts. 12.02, 27.08 (Vernon 1977 & 1989). We 
review a trial court's ruling on a motion to quash an information or indictment 
for an abuse of discretion. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. 
App. [Panel Op.] 1981) (op. on reh'g). 
Discussion
        Article 12.02 provides that a misdemeanor offense should be presented 
within two years from the date of the commission of the offense. Tex. Code 
Crim. Proc. Ann. art. 12.02. Article 27.08 states that a defendant may raise 
a statute of limitations defense as an exception to an information. Id. art. 
27.08(2). However, the statute of limitations shall not run "during the 
pendency of an indictment [or] information." Id. art. 12.05(b). Relying on 
article 12.05(c), appellant believes that the phrase, “during the pendency" of 
the information, does not include the time the original information in this case 
was pending because no trial court ever found it to be invalid. 
        Article 12.05(b) states, “The time during the pendency of an indictment, 
information, or complaint shall not be computed in the period of limitation.” Id. 
And it defines “during the pendency” as “that period of time beginning with the 
day the indictment, information, or complaint is filed in a court of competent 
jurisdiction, and ending with the day such accusation is, by an order of a trial 
court having jurisdiction thereof, determined to be invalid for any reason.” Id. 
art. 12.05(c). Appellant argues that because no court found the prior 
information invalid, the tolling provision is inapplicable. We disagree. 
        The focus of the limited case law in this area is on whether the prior 
information was sufficient to invoke the trial court’s jurisdiction and whether 
the prior and current information charged the same offenses. See Prince v. 
State, 914 S.W.2d 672, 674 (Tex. App.—Eastland 1996, pet. ref’d) (relying on 
Ex parte Slavin, 554 S.W.2d 691 (Tex. Crim. App. 1977)); and see Hernandez 
v. State, 74 S.W.3d 73, 75 (Tex. App.—Eastland 2002, pet. granted). The 
cases do not address whether a dismissal is sufficient to result in an invalid 
information. However, we conclude that it is under the facts of this case. So 
long as the dismissal is filed and granted in accordance with article 32.02 of the 
code of criminal procedure, the dismissal is tantamount to an information that 
is no longer valid. Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 1989). 
Accordingly, the dismissal rendered the prior information invalid. 
        Therefore, we hold that the filing of the original information tolled the 
statute of limitations while it was pending, that the refiled case was therefore 
timely, and that the trial court did not abuse its discretion in denying appellant’s 
motion to quash based upon the tolling provisions. 
        Appellant also contends that the informations were for different offenses. 
He claims that the tolling exception is inapplicable because the first information 
was general and vague and the information under which he was convicted was 
more specific. Appellant ignores the fact that the trial court dismissed the prior 
information on the State’s motion because appellant had challenged its 
sufficiency, and the State refiled the case under cause number 19797-E. 
Likewise, the new information also recited that the case was previously filed 
under cause number 9202-E. The State points out that both indictments allege 
the same criminal offense (assault), the same commission date, and the same 
victim. Thus, we cannot say the trial court abused its discretion in concluding 
that the informations alleged the same offense and in denying appellant's 
motion to quash on that basis. We overrule appellant’s sole issue. 
        Having overruled appellant’s issue on appeal, we affirm the judgment of 
the trial court. 

                                                                  TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
PUBLISH 
 
DELIVERED: October 2, 2003