11th Court of Appeals
Eastland, Texas
Opinion
 
Alexander Hernandez
            Appellant
Vs.                  No. 11-01-00063-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
On Remand
            Alexander Hernandez pleaded guilty to the offense of possession of 4 grams or more but less
than 200 grams of methamphetamine. The trial court convicted appellant and, pursuant to the plea
bargain agreement, assessed appellant’s punishment at confinement for 5 years and a $1,500 fine. 
The trial court suspended the imposition of the sentence and placed appellant on community
supervision for a term of 5 years. Upon original submission, we held that appellant’s re-indictment
was barred by the statute of limitations. Hernandez v. State, 74 S.W.3d 73 (Tex.App. - Eastland
2002). The Court of Criminal Appeals reversed our judgment and remanded the cause for
consideration of appellant’s remaining point of error. Hernandez v. State, 127 S.W.3d 768
(Tex.Cr.App.2004). We affirm. 
            In his second point of error (the remaining point), appellant challenges the denial of his
motion to suppress, claiming that the detention, search, and seizure were illegal. In reviewing a trial
court’s ruling on a motion to suppress, appellate courts must give great deference to the trial court’s
findings of historical facts as long as the record supports the findings. Guzman v. State, 955 S.W.2d
85, 87 (Tex.Cr.App.1997). Because the trial court is the exclusive fact finder, the appellate court
reviews evidence adduced at the suppression hearing in the light most favorable to the trial court’s
ruling. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Cr.App.2000). We also give deference to the
trial court’s rulings on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor. Guzman v. State, supra. Where such rulings do not turn on an evaluation
of credibility and demeanor, we review the trial court’s actions de novo. Guzman v. State, supra;
Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no pet’n). 
            The record shows that Officer David Baures of the Dallas Police Department arrested appel-lant during a traffic stop. Officer Baures testified that he observed appellant commit two traffic
violations: operating a motor vehicle without wearing a seatbelt and failing to signal when turning. 
Officer Baures also believed that the passenger in appellant’s car was a known prostitute. According
to Officer Baures’s testimony, he initiated a traffic stop as a result of his observations and called for
backup. During the stop, Officer Baures noticed the passenger making furtive gestures as if she were
“stuffing something under the seat.” 
            When the other officers arrived, one of them, Officer Raul Garcia, approached the driver’s
side of appellant’s vehicle and looked in. Officer Garcia saw, in plain view, the butt and slide of a
pistol sticking out from under the driver’s seat. Officer Garcia motioned to Officer Baures to go
ahead and arrest appellant. Officer Baures testified that he arrested appellant for carrying a
concealed handgun. During the subsequent search of appellant’s vehicle, the officers recovered two
pistols from underneath the driver’s seat, a freezer bag containing marihuana from the back seat, and
a smaller bag of marihuana from under the center of the front seat. While appellant was being
booked-in at the jail, a baggie containing a light brown powder was discovered near appellant’s groin
or crotch area. 
            Appellant testified and disputed Officer Baures’s testimony regarding the traffic stop. 
Appellant testified that his turn signal worked and that he signaled prior to leaving the parking lot. 
Appellant also testified that he was wearing his seatbelt at the time. As the trier of fact at the
suppression hearing, the trial court was, however, free to believe the officers’ testimony and find
appellant’s testimony to be lacking in credibility. 
            An officer may initiate a traffic stop for a traffic violation regardless of the officer’s
subjective intent. Whren v. United States, 517 U.S. 806, 812 (1996); Garcia v. State, 827 S.W.2d
937, 944 (Tex.Cr.App.1992). During such a valid traffic stop and without a warrant, an officer may
seize contraband that he observes in plain view from a legal vantage point. Horton v. California,
496 U.S. 128, 135 (1990); Walter v. State, 28 S.W.3d 538 (Tex.Cr.App.2000); Ramos v. State, 934
S.W.2d 358, 365 (Tex.Cr.App.1996), cert. den’d, 520 U.S. 1198 (1997). Further, a peace officer
may arrest an offender without a warrant for any offense committed in the officer’s presence or
within his view. TEX. CODE CRIM. PRO. ANN. art. 14.01(b) (Vernon 1977). Incident to such a
lawful arrest, an officer may conduct a warrantless search of the passenger compartment of a vehicle. 
Thornton v. United States, 541 U.S. 615 (2004); New York v. Belton, 453 U.S. 454 (1981); State v.
Ballard, 987 S.W.2d 889, 892 (Tex.Cr.App.1999). 
            Upon applying the law to the facts as implicitly found by the trial court in this case, we hold
that the trial court did not err in denying appellant’s motion to suppress. Officer Baures stopped
appellant for a traffic violation. During the stop, a pistol was located in plain view. Consequently,
appellant was arrested. More contraband was discovered and seized after appellant’s arrest during
the search of his vehicle and during the book-in procedure. Consequently, appellant’s initial deten-tion, his arrest, the search, and the seizure of the contraband were not unreasonable and did not
violate appellant’s constitutional rights. Appellant’s second point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
February 3, 2005 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.