**Affirmed and Memorandum Opinion filed February 10, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00935-CR

### HAROLD LYNN BRICE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 12-CR-1082**

## M E M O R A N D U M   O P I N I O N

Appellant, Harold Lynn Brice, was indicted for felony possession of child pornography with intent to promote. The trial court denied appellant's motion to dismiss and motion to suppress. Pursuant to a plea bargain, appellant then pleaded guilty to the reduced felony offense of possession of child pornography while reserving his right to appeal the pre-trial rulings. The trial court placed appellant on community supervision for nine years and eleven months. In two issues, appellant contends the trial court erred by denying both pre-trial motions. We affirm.

# I. Motion to Dismiss

In his first issue, appellant contends the trial court erred by denying his motion to dismiss on limitations grounds.

We review *de novo* the trial court's denial of the motion because it turned on a question of law, not on the credibility and demeanor of witnesses, and thus, the trial court was in no better position than our court to decide the motion. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Sample v. State*, 405 S.W.3d 295, 301 (Tex. App.—Fort Worth 2013, pet. ref'd). As the parties agree, the limitations period for the charged offense and the reduced offense to which appellant pleaded guilty is three years from the date of commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 12.01 (West Supp. 2014).

Appellant was originally indicted on April 18, 2012 for promotion of, or possession with intent to promote, child pornography, with the offense date alleged as November 23, 2008. Substantively, that indictment alleged appellant

> did then and there intentionally or knowingly promote by sending via electronic mail, or possess with intent to promote, visual material that visually depicted, and which the defendant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: actual lewd exhibition of the genitals.

Appellant was re-indicted on December 4, 2012. The re-indictment eliminated the allegation regarding promotion of child pornography and charged only possession with intent to promote child pornography, with an offense date of September 23, 2009. Substantively, the re-indictment alleged appellant

> did then and there intentionally or knowingly possess with intent to promote visual material that visually depicted, and that the defendant knew visually depicted, a child who was younger than 18 years of age

2

at the time the image of the child was made, engaging in sexual conduct, to-wit: simulated lewd exhibition of the genitals.

Subsequently, appellant filed an amended motion to dismiss on limitations grounds.[1]   The State moved to amend the re-indictment to add the following limitations tolling provision:

And it is further presented . . . that during a period from April 19th, 2012 until December 5th 2012, an indictment charging the above offense was pending in a court of competent jurisdiction, to-wit [cause number and style].

At a hearing on the motion to dismiss, the State represented that the earlier indictment for both promotion and possession with intent to promote alleged an offense date of November 23, 2008—the last date that appellant distributed child pornography to an undercover officer.   The State also represented that the re-indictment for only possession with intent to promote alleged an offense date of September 23, 2009—the date a search warrant was executed and child pornography was discovered at appellant's residence.   The trial court denied the motion to dismiss and granted the State's motion to amend.

On the day of his plea proceeding, appellant filed a motion to quash the re-indictment on the ground that possessing visual materials depicting the "simulated" lewd exhibition of a child's genitals is not an offense under the Penal Code. Appellant also filed an amended motion to quash on limitations grounds, challenging application of tolling rules.   The trial court denied the motions, but based on the State's agreement, ordered the re-indictment amended to delete the word "simulated" in the description of the charged offense.

---

[1] The operative motion was an "amended" motion because appellant corrected the case number.

3

On appeal, appellant suggests the re-indictment, on which he was convicted, was barred by limitations because it was filed on December 4, 2012—more than three years after the alleged offense date of September 23, 2009. However, appellant does not address the tolling rules on which the trial court relied when denying appellant's motion to dismiss. Regardless, we conclude the trial court did not err in applying those rules and concluding the re-indictment was timely.

"The time during the pendency of an indictment . . . shall not be computed in the period of limitation." Tex. Code Crim. Proc. Ann. art. 12.05(b) (West 2005). The term "during the pendency" means the period beginning with the day the indictment is filed in "a court of competent jurisdiction" and ending with the day that such accusation is by order of a trial court having jurisdiction determined to be invalid for any reason. *Id.* art. 12.05(c) (West 2005). The Texas Court of Criminal Appeals has held that a prior indictment tolls the statute of limitations under article 12.05(b) for a subsequent indictment when both indictments allege "the same conduct, same act, or same transaction." *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004); *see Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005).

The trial court issued what it referred to as either findings of fact or conclusions of law, which, in summary, stated in pertinent part:

- "[t]he parties proffered" that the offense date of November 23, 2008 alleged in the earlier indictment was based on alleged distributions of child pornography from appellant to an undercover officer;
- "[t]he parties proffered" that the offense date of September 23, 2009 alleged in the re-indictment was the day a search warrant was executed and child pornography was recovered from appellant's residence;
- the earlier indictment remained pending at all times until appellant was re-indicted;

4

- both indictments charged appellant "with violating the same law" and alleged "the same conduct, same act, or same transaction";

- the earlier indictment tolled the statute of limitations during its pendency; and

- excluding from computation the time period in which the earlier indictment was pending (April 18, 2012 through December 4, 2012), the re-indictment on December 4, 2012 was timely filed within the statute of limitations.

We conclude that the record and the law supports the trial court's conclusions. In the December 4, 2012 re-indictment, the State corrected the earlier April 18, 2012 indictment for possession with intent to promote child pornography to allege an offense date of September 23, 2009.[2] However, the re-indictment alleged the same offense and the same conduct as the earlier indictment (once the trial court directed an amendment to delete the word "simulated" from the re-indictment). Thus, the earlier indictment tolled the limitations period for that offense from April 18, 2012 until the re-indictment on December 4, 2012. *See* Tex. Code Crim. Proc. Ann. art. 12.05(b); *Hernandez*, 127 S.W.3d at 774; *Smith*, 178 S.W.3d at 802. Because less than three years passed between the alleged offense date of September 23, 2009 and April 18, 2012, the re-indictment was timely. Accordingly, the trial court did not err by denying the motion to dismiss. We overrule appellant's first issue.

## II. MOTION TO SUPPRESS

In his second issue, appellant challenges the trial court's denial of appellant's motion to suppress the fruits of a search of his home.

---

[2] We note the tolling provision in the re-indictment alleged limitations was tolled from April 19, 2012 until December 5, 2012, rather than April 18, 2012 to December 4, 2012. This variance between the tolling provision and the trial court's conclusions and the actual filing dates of the indictments is immaterial because appellant does not challenge sufficiency of the tolling provision on appeal and the trial court's conclusions were based on the correct filing dates.

The investigation that resulted in the State's charge against appellant was headed by a federal agency. On September 17, 2009, a United States Magistrate issued a search warrant pertaining to certain electronics at appellant's home. The search was conducted on September 23, 2009.

Appellant filed an amended motion (the operative motion) to suppress the fruits of the search and statements made by appellant to the investigator when the search was conducted. The trial court held a hearing but did not make an oral ruling. The next day, appellant filed a supplement to the motion, raising an additional argument. Subsequently, the trial court signed an order denying the motion. At the plea proceeding, appellant re-urged his motion to suppress, but the trial court confirmed its denial of the motion.

Appellant's sole complaint on appeal is that the search warrant was not executed within three days of its issuance as purportedly mandated under the Texas Code of Criminal Procedure. As noted above, this particular search warrant was a federal warrant and required execution by September 26, 2009–more than three days after its issuance. Regardless, we need not decide whether there was a three-day requirement under Texas statute that was applicable to this warrant because appellant did not preserve error on his appellate contention.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the complaint and obtain a ruling. Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Further, the request, objection, or motion at trial must comport with the appellate complaint. *Wilson*, 71 S.W.3d at 349.

The grounds for suppression asserted in the trial court did not comport with the appellate contention. In his written motion and at the hearing thereon, appellant challenged (1) the validity of the search warrant, particularly the

6

sufficiency of the underlying affidavit, and (2) admission of appellant's statements on the ground he was not given the *Miranda* warnings. In his later supplement to the motion, appellant challenged the neutrality of the magistrate who issued the warrant. Appellant's re-urged motion at his plea proceeding did not raise any additional grounds. Therefore, in the trial court, appellant never complained that the search warrant was not timely executed. Accordingly, because appellant failed to preserve error, we overrule his second issue.

We affirm the trial court's judgment.


/s/    John Donovan
Justice


Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

7