**Alexander HERNANDEZ, Appellant**

v.

**The STATE of Texas.**

No. 826–02.

Court of Criminal Appeals of Texas.

Feb. 4, 2004.

John Tatum, Richardson, for appellant.

Lisa Braxton Smith, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for the State.

## *OPINION*

PRICE, J., delivered the opinion of the court, in which MEYERS, WOMACK, JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

The question before the Court today is whether Code of Criminal Procedure Article 12.05(b) permits an earlier indictment

for a violation of one law to toll the statute of limitations in the prosecution of a later indictment of the same defendant for violating a different law. We conclude that the first indictment tolls the statute of limitations if both indictments allege the same conduct, same act, or same transaction, even if the offenses charged do not fall within the same statute.

## I.  Facts

The appellant was arrested on July 19, 1997, for carrying a concealed weapon. When booking the appellant into jail, the intake officer found a plastic baggie containing a light brown powder in the crotch of the appellant's pants. A field test revealed that it was a controlled substance, and the officer believed that it was amphetamine or cocaine. On July 24, 1997, the State indicted the appellant with possession of 4 to 400 grams of amphetamine. Tex. Health & Safety Code § 481.113. On September 27, 2000, the State filed a second indictment, charging the appellant with possession of 4 to 200 grams of methamphetamine. Tex. Health & Safety Code § 481.112. In the second indictment, the State alleged that the statute of limitations had been tolled by the pendency of the first indictment, pursuant to Article 12.05(b).

The appellant filed a motion to quash the second indictment, claiming that it was barred by the statute of limitations because it charged an offense other than the one charged in the first indictment. The trial court denied the appellant's motion to quash, and pursuant to a plea agreement for punishment and the dismissal of the first indictment, the appellant pleaded guilty to the second indictment.[1] The trial court sentenced the appellant to five years imprisonment, which was probated, and a $1,500 fine.

On appeal, the appellant complained that the trial court erred in concluding that the first indictment tolled the statute of limitations.[2] The Court of Appeals agreed, reversed the appellant's conviction, and dismissed the second indictment. It held that, because the second indictment did not charge the same statutory offense as the first indictment, the second indictment was barred by the three-year statute of limitations. *Hernandez v. State*, 74 S.W.3d 73 (Tex.App.-Eastland 2002). The Court of Appeals said that *Ex Parte Slavin*, 554 S.W.2d 691 (Tex.Crim.App.1977), requires that a subsequent indictment under Article 12.05(b) charge the same statutory offense as the original indictment. *Hernandez*, 74 S.W.3d at 75. Because the two indictments charged two separate and distinct offenses, the Court of Appeals held, the first could not toll the statute of limitations for the second. *Ibid.*

We granted the State's petition for discretionary review to determine whether the Court of Appeals interpreted Article 12.05(b) correctly.[3] We conclude that the

---

1. The appellant also filed a motion to suppress the drugs, which the trial court denied.

2. The appellant also complained of the trial court's denial of his motion to suppress the drugs in his case. The Court of Appeals did not reach this point of error because of its disposition of the appellant's other complaint.

3. The exact grounds on which we granted review are:

   1. Does a prior indictment charge the same offense and, thus, toll the limitations period, if both the prior and subsequent indictments charge the same conduct but do not charge offenses under the same penal statute?

   2. Does importing a same penal statute requirement into the tolling provision of Article 12.05(b) of the Criminal Procedure Code thwart the purpose of the statutes of limitations?

Court of Appeals did not interpret Article 12.05(b) correctly, and we will reverse.

## II.  Analysis

### A.  *Ex parte Slavin*

■ First, we address the Court of Appeals's reliance on *Ex parte Slavin.* In that case, Frank Slavin had been indicted for indecency with a child with two prior felony offenses.  He was convicted.  On direct appeal, we reversed the conviction because the indictment had been fundamentally defective because it failed to allege that Slavin's conduct was done with intent to arouse or gratify the sexual desire of any person.[4]  *Slavin v. State,* 548 S.W.2d 30, 31 (Tex.Crim.App.1977).  The State reindicted Slavin for the offense.

In a pretrial application for writ of habeas corpus, Slavin claimed that the statute of limitations barred the second prosecution.  Specifically he said that, because it was fundamentally defective, the first indictment could not toll the statute of limitations.  He urged us to consider *Taylor v. State,* 160 Ga. 331, 127 S.E. 652 (1925), in which the similarly situated defendant was granted relief because the two offenses charged in the two indictments were found in two separate penal provisions.  We distinguished Slavin's case on the basis that both indictments in his case charged him with the same statutory offense.  We did not hold in *Slavin* that, in order for a prior indictment to toll the statute of limitations, the subsequent indictment *must* charge an offense under the same penal statute as the prior indictment because the issue was not before us in that case.

The appellant similarly relies on *Slavin,* but because *Slavin* does not give us guidance to address the issue at hand, we must interpret the requirements of Article 12.05(b) as a matter of first impression.

### B.  Statutory Interpretation

The literal text of Article 12.05 provides:

(b) The time during the pendency of *an* indictment, information or complaint shall not be computed in the period of limitation.

(c) The term, "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

Tex.Code Crim. Proc. art. 12.05(b) & (c) (emphasis added).  On its face, Article 12.05(b) does not require that subsequent indictments allege the same offense or even be based on the same conduct.  The Article provides no guidance about how the indictments must be related to trigger the tolling provision.

The leading case dealing with statutory interpretation is *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).  In *Boykin,* we said that, if the literal text of the statute is ambiguous or the language would lead to an absurd result, then we may consider extratextual factors to determine the meaning of the statute.  *Ibid.*  In essence, *Boykin* deals with three situations:  (1) when the literal text of a statute

---

**4.** Under the amended definition of the Texas Constitution, Slavin's first conviction would not have been reversed.  To constitute an indictment or information, an instrument must "charge a person with the commission of an offense."  Tex. Const. Art. V, § 12(b).  Therefore, an indictment or information that

is flawed by a defect of substance but that purports to charge an offense is not fundamentally defective and, in the absence of a pretrial objection, it will support a conviction. *Studer v. State,* 799 S.W.2d 263, 271–273 (Tex.Crim.App.1990).

is clear and does not lead to absurd results, (2) when the literal text is ambiguous, and (3) when the literal text would produce absurd results. *Boykin* does not tell us what to do when the legislature leaves a gap and provides no guidance about how to apply a statute.

In *Chevron v. Natural Resources Defense Council*, the United States Supreme Court has said that, when Congress has not addressed a particular question related to a statute that it has enacted and no agency charged with construing the statute has done so, it must "impose its own construction on the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *cf. Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 283 n. 12, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984) (Stevens, J., dissenting) ("Judges, of course, must perform a lawmaking function, even in cases involving statutory construction.... But the limits of our authority and our ability to develop the law should always be respected."). In that case, the Supreme Court relied upon Dean Roscoe Pound's *The Spirit of the Common Law*, in which he said that legislative bodies cannot foresee all situations that may arise in an area it wishes to regulate. Roscoe Pound, *The Spirit of the Common Law* 174–75 (2d printing 1966). When the legislative body is silent, the judicial branch must "round out and develop the enacted element." *Ibid.*

■ In this case, we are faced with the task of rounding out the legislature's enactment of Article 12.05(b) because the legislature provided no guidance about how the prior and subsequent indictments should be related to toll the statute of limitations period. As with any act of statutory construction, we seek to fulfill the legislature's purpose in enacting the statute.

In 1941, the legislature enacted the pending-indictment tolling provision, the predecessor to current Article 12.05(b). There is little in the way of legislative history. We do have comments to the provision that reflect the legislature's concern that defendants who were charged under faulty indictments could not be prosecuted because the statute of limitations had run.

The fact that many indictments, informations, and complaints are now being held invalid because of procedural errors and defects in form that have nothing to do with the guilt or innocence of the persons charged, and persons guilty of capital, as well as other crimes, are going unpunished and will continue to do so under our present laws, creates an emergency and an imperative public necessity requiring that the Constitutional Rule providing that bills be read on three separate days be suspended, and also that the Constitutional Rule which provides that laws shall not become effective until the expiration of ninety days after the adjournment of the session be suspended, and such Rules are hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted.

*Vasquez v. State*, 557 S.W.2d 779, 784 n. 7 (Tex.Crim.App.1977) (citing Acts 1941, 47th Leg., R.S. ch. 603, 1941 Tex. Gen. Laws 1335 cmt.). This comment indicates that the legislature sought to give the State more freedom to prosecute defendants when the original indictment contains a defect. As such, the comment weighs in favor of reading Article 12.05(b) broadly because it was enacted to prevent illegal conduct from going unpunished when indictments had defects like the one in this case. Reading this provision as the

Court of Appeals and the appellant suggest would undermine the legislature's purpose by allowing tolling of the statute of limitations after a defective prior indictment only if the prior indictment charged precisely the same Penal Code offense. Any other defect would be curable.

If we were to read "an indictment" to mean *any* indictment for *any* unrelated offense, then a person could be continually indicted for any offense that the State felt inclined to charge once an initial indictment was filed. This application would defeat the purpose of the statute of limitations, which requires the State to exercise due diligence in obtaining and presenting a formal accusation of an offense against a person. *Ex parte Matthews,* 933 S.W.2d 134, 137 (Tex.Crim.App.1996), *overruled on other grounds by Proctor v. State,* 967 S.W.2d 840 (Tex.Crim.App.1998).

Looking at Article 12.05(b) in the context of the rest of the Code, we find that Code of Criminal Procedure Article 28.10 section (c) gives us insight into our construction of Article 12.05(b). Article 28.10 allows the State to amend charging instruments to cure certain defects under certain circumstances. Article 28.10(c) reads, "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." If the legislature had intended, under Article 12.05, to require that a subsequent indictment not charge an additional or different offense, then it could have written that requirement into Article 12.05 just as easily as it did in Article 28.10. The question before us, then, is what Article 12.05 permits.

█ We also think that reading Article 12.05(b) to allow the tolling of the statute of limitations for an indictment charging a similar offense does not undermine the purpose of the statute of limitations. The United States Supreme Court explained the purpose for a statute of limitations in *Toussie v. United States,* 397 U.S. 112, 114, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). In that case, the Court said:

> The enactment of statutes of limitations protect the accused from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Id.* at 114–15, 90 S.Ct. 858; *accord Proctor v. State,* 967 S.W.2d 840, 843 (Tex.Crim. App.1998). The defendant must have adequate notice so that he may prepare a defense. *United States v. Gengo,* 808 F.2d 1, 4 (2d Cir.1986); *United States v. O'Neill,* 463 F.Supp. 1205, 1208 (E.D.Pa. 1979). Allowing the prior indictment to toll the statute of limitations would not defeat the purposes of the statute of limitations if the prior indictment gives adequate notice of the substance of the subsequent indictment. If the defendant has adequate notice of a charge, he can preserve those facts that are essential to his defense.

█ We find further support for our interpretation of Article 12.05 in the caselaw from other jurisdictions. The federal courts interpret 18 United States Code Section 3288 similarly. Section 3288 provides:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction

within six calendar months of the date of the dismissal of the indictment ... which new indictment shall not be barred by any statute of limitations.

A subsequent indictment is barred by the statute of limitations if it broadens or substantially amends the charges in the original indictment. The federal courts are interpreting Section 3288 to require that the subsequent indictment charge essentially the same offense and be based on essentially the same set of facts. *Gengo*, 808 F.2d at 4–5; *United States v. Grady*, 544 F.2d 598, 602 (2d Cir.1976); *O'Neill*, 463 F.Supp. at 1208; *see also United States v. Davis*, 953 F.2d 1482, 1491 (10th Cir.1992); *United States v. Schmick*, 904 F.2d 936, 940 (5th Cir.1990); *United States v. Elliott*, 849 F.2d 554, 561 (11th Cir. 1988).

In *United States v. Charnay*, the prior indictment tolled the statute of limitations for the subsequent indictment because the two indictments alleged "essentially the same set of facts" and charged almost identical offenses. *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir.1976).

In *United States v. Hill*, the original indictment charged the defendant with tax evasion. *United States v. Hill*, 494 F.Supp. 571, 573 (S.D.Fla.1980). The original indictment was dismissed, and the grand jury presented a second indictment charging the defendant with attempted tax evasion. *Ibid.* Both indictments charged the same conduct. The court said that the purpose of Section 3288 is to prevent illegal conduct from going unpunished because of a defect in the original indictment that is discovered too late. *Ibid.* (Quoting *United States v. Durkee Famous Foods*, 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492, (1939)). The court explained that the factual basis of an indictment, rather than the specific charge alleged, is crucial in determining whether the second indictment is proper under Section 3288. *Id.* at 574 (explaining *Mende v. United States*, 282 F.2d 881 (9th Cir.1960)).

Of the 35 states that have a pending-indictment tolling provision, 16 specify that the period of limitations computed shall not include any time during the pendency of an indictment for the "same conduct," "same act," or "same transaction." [5] The Model Penal Code Section 106(6)(b) also provides that the statute of limitations does not run when prosecution against the defendant for the "same conduct" is pending. California legislators revised the California Penal Code to allow a pending indictment for the "same conduct," instead of "same offense," to toll the statute of limitations. Cal.Penal Code § 803. The legislators made this change because "same offense" was too narrow a requirement. Cal.Penal Code § 803 (cmt.). Only nine states and the District of Columbia explicitly require a subsequent indictment to charge the "same offense" for a prior

---

**5.** Alaska Stat. § 12.10.040(b) (Michie 2003); Ark.Code Ann. § 5–1–109(g)(2) (Michie 2002); Cal.Penal Code § 803(b) (West 2003); Colo. Rev.Stat. § 16–5–401(3) (2002); Del.Code Ann. Tit. 11, § 205(h)(2) (2003); Haw.Rev. Stat. § 701–108(6)(b) (2003); 720 Ill. Comp. Stat. 5/3–7(c) (2003); Kan. Stat. Ann. § 21–3106(9)(d) (2002); Mont.Code Ann. § 45–1–206(3) (2002); N.H.Rev.Stat. Ann. § 625:8(VI)(b) (2002); N.J. Stat. Ann. § 2C:1–6(e) (West 2003); N.M. Stat. Ann. § 30–1– 9(B)(4) (Michie 2002) (statute of limitations is tolled by an indictment for the "same transaction"); N.Y. Crim Proc. Law § 30.10(4)(b) (Consol.2003) (the subsequent indictment must charge "the same offense or an offense based on the same conduct"); Ohio Rev.Code Ann. § 2901.13(H) (Anderson 2003); 42 Pa. Cons.Stat. § 5554(2) (2002); Wis. Stat. § 939.74(3) (2002) (statute of limitations is tolled by an indictment for the "same act").

indictment to toll the statute of limitations.[6]

Other jurisdictions have not interpreted their tolling provisions to require that a subsequent indictment charge the same offense for the tolling of the statute of limitations unless the penal code provision explicitly says the offenses must be the same. We also find it persuasive that most states with specific requirements in their pending indictment tolling provisions require "same conduct," and not the more narrow "same offense."

■ Based on our review of the public policy implications, we hold that, to fulfill the legislature's purpose in enacting Article 12.05(b), a prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction.

### III. Application

■ In this case, the prior indictment and the subsequent indictment alleged the same conduct. Both indictments charged the appellant with possession of a controlled substance on or about July 19, 1997, and the names methamphetamine and amphetamine refer to the same controlled substance found on the appellant. Both charges rest on essentially the same proof: the appellant possessed a controlled substance. Although the proof involved in identifying the drug would be slightly different, every other element would rest on the same proof.

Both the prior and subsequent indictments alleged the same conduct. As a result, Article 12.05(b) tolled the limitations period during the pendency of the prior indictment. We reverse the judgment of the Court of Appeals, and remand the case to that Court to consider the appellant's remaining point of error.

KEASLER, J., filed a concurring opinion, in which KELLER, P.J., and HERVEY, J., joined.

KEASLER, J., filed this concurring opinion in which KELLER, P.J. and HERVEY, J. join.

The majority says that *Boykin v. State*[1] does not address the situation of a statute's silence, and as a result, the court must "round out" the law and "impose its own construction."[2] I disagree.

*Boykin* instructs courts to apply the plain language of the statute unless the statute is ambiguous or leads to an absurd result which the legislature could not possibly have intended.[3] The Court says this language "does not tell us what to do when the legislature leaves a gap" through silence. But silence falls well within the

---

6. D.C.Code Ann. § 23–113(d) (2003); La. Code Crim. Proc. Ann. Article 576 (West 2003) (statute of limitations is tolled for an indictment for the same offense or for a lesser included offense based on the same facts); Me.Rev.Stat. Ann. tit. 17–A, § 8(3)(B) (West 2003) (statute of limitations is tolled for a subsequent indictment charging the "same crime based on the same conduct" as the original indictment); Mo.Rev.Stat. § 556.036(6)(3) (2003); Neb.Rev.Stat. § 29–110(1) (2002); N.C. Gen.Stat. § 15–1 (2003); R.I. Gen. Laws § 12–12–18 (2002) (reindictment for "same offense" allowed in case of theft, loss, or destruction of indictment); S.C.Code Ann. § 17–23–30 (Law.Co-op.2002)

(if variance between proof and indictment was the reason for acquittal, a defendant can be reindicted for the same offense); Tenn. Code Ann. § 40–2–105 (2003) (statute of limitations is tolled for the prosecution of the offense last charged); W. Va.Code § 61–11–9 (2003) (in case of theft, loss, or destruction of the indictment, the state can reindict the defendant for the same offense).

1. 818 S.W.2d 782 (Tex.Crim.App.1991).

2. *Ante*, op. at 771.

3. *Boykin*, 818 S.W.2d at 785.

umbrella of ambiguity. If a statute is silent on a matter, it is ambiguous. We have recognized this many times.[4] Similarly, this statute is silent on whether "an indictment" refers to an indictment alleging the same offense or any offense. The majority's efforts to bring this case outside the ambit of *Boykin* are wholly unpersuasive.

I am also troubled by the Court's new guidelines for statutory construction. This new category of "silent but not ambiguous" statutes is dangerous. The majority today gives courts the power to "round out" statutes and "impose their own construction" whenever they perceive statutes as silent. This will take us far from the literal text of the statute and gives courts none of the guidelines that *Boykin* provides. *Boykin* limits the extra-textual journey to legislative history, other statutes, consequences of the construction, etc. The Court's opinion today provides no such limits and will serve as precedent for courts to strike out on their own in interpreting statutes. This is a bad idea.

I would apply *Boykin* to this case and conclude that this statute is ambiguous. I would then consider extra-textual sources, which the Court does in the remainder of its opinion. I would reach the same conclusion that the Court does regarding Art. 12.05(b).

I therefore concur in the Court's judgment.

---

4. *See Brown v. State*, 98 S.W.3d 180, 183–85 (Tex.Crim.App.2003) (finding ambiguous a statute silent on definition of "voluntarily"); *State v. Roberts*, 940 S.W.2d 655, 658 (Tex. Crim.App.1996) (finding ambiguous a statute silent on meaning of phrase "motion to suppress evidence"); *Lane v. State*, 933 S.W.2d 504, 514–15 (Tex.Crim.App.1996) (plurality op.) (finding ambiguous a statute silent on meaning of "provide"); *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 587 (Tex. Crim.App.1993) (finding ambiguous a statute silent on whether "a case" refers to a criminal case or a civil case).