

NUMBER 13-18-00463-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE CHRISTOPHER FLOYD

**On appeal from the 28th District Court
of Nueces County, Texas.**

# OPINION

**Before Justices Benavides, Longoria, and Perkes
Opinion by Justice Longoria**

This Court's memorandum opinion issued on October 10, 2019, is hereby withdrawn and the following is substituted therefor.[1]

Appellant Christopher Floyd was indicted for several offenses, including intoxication manslaughter. *See* TEX. PENAL CODE ANN. § 49.08(B). Floyd filed an application for habeas corpus, arguing that the intoxication manslaughter charges were

---

[1] After we published our memorandum opinion, the State filed a motion requesting that we publish the opinion. We grant the State's motion and issue this published opinion.

barred by the statute of limitations; the trial court denied habeas relief. By one issue on appeal, Floyd argues that the trial court erred in denying habeas relief. We affirm.

## I. BACKGROUND

As far as this appeal is concerned, the facts are undisputed. On May 19, 2017, Floyd was indicted (Petition One) for manslaughter, a second-degree felony, criminally negligent homicide, a state jail felony, and possession of cocaine in an amount of less than one gram, a state jail felony. *See id.* §§ 19.04, 19.05; TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Count one, relating to manslaughter, stated:

> on or about December 8, 2014, in Nueces County, Texas, [Floyd] did then and there recklessly cause the death of an individual, namely, Teresa Moody, by causing a vehicle operated by Christopher Floyd to collide with a vehicle in which Teresa Moody was an occupant, and/or causing a vehicle operated by Christopher Floyd, while Christopher Floyd was under the influence of a narcotic and/or narcotics, to collide with a vehicle in which Teresa Moody was an occupant.

Count two was identical except it named a different victim: Faye Mosier.

On December 14, 2017, Floyd was re-indicted (Petition Two), alleging the same offenses as Petition One but also adding the offense of intoxication manslaughter, a second-degree felony. *See* TEX. PENAL CODE ANN. § 49.08(b). Count one in Petition Two read as follows:

> On or about December 8, 2014, in Nueces County, Texas, [Floyd] did then and there operate a motor vehicle in a public place while intoxicated by reason of the introduction of alcohol into his body or by reason of the introduction of a combination of alcohol and a controlled substance or substances, a drug or drugs, or a dangerous drug or drugs into his body, and did by reason of such intoxication cause the death of another, namely Teresa Moody, by accident or mistake, namely by causing a vehicle operated by Christopher Floyd to collide with a vehicle in which Teresa Moody was an occupant,

Count two was identical except it listed Mosier as the victim.

2

On July 27, 2018, Floyd filed an "Application for Habeas Corpus and Alternative Motion to Quash Indictment." Floyd asserted that the offense of intoxication manslaughter has a three-year statute of limitations. Therefore, because Petition Two was filed more than three years after the alleged offense occurred, the prosecution against him for intoxication manslaughter was barred by the statute of limitations.

On August 2, 2018, the State re-indicted ("Petition Three") Floyd, alleging the same offenses as Petition Two, but this time including a tolling provision, claiming that the statute of limitations was tolled. On August 16, 2018, the trial court held a hearing; the trial court denied habeas relief and denied Floyd's motion to quash. This appeal ensued.

## II. STATUTE OF LIMITATIONS

### A. Standard of Review and Applicable Law

Our review of a trial court's habeas corpus ruling should be based upon the court's application of the law to the facts. In reviewing the trial court's ruling, we view the facts in the light most favorable to the ruling, and we afford almost total deference to the trial court's determination of historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility. We afford the same amount of deference to the trial court's rulings on "application of law to fact questions" that involve an evaluation of credibility. If resolution of those ultimate questions turns on an application of legal standards, we review those determinations de novo.

*State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (internal citations omitted). Additionally, "[w]e will uphold the trial court's decision on any theory of law applicable to the case." *See Ex parte Nelson*, 546 S.W.3d 742, 747 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Generally, a pre-trial writ of habeas corpus is only appropriate in very limited circumstances. *See Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). One such instance is to challenge the jurisdiction of the court by showing that "any prosecution

3

is barred by the statute of limitations." *Id.* Habeas relief should be granted if the face of the petition shows that the prosecution would be barred by limitations. *See id.*

**B.     Analysis**

In his sole issue, Floyd argues that the trial court erred in denying habeas relief because the two counts of intoxication manslaughter are barred by the statute of limitations. According to Floyd, intoxication manslaughter has a three-year statute of limitations and Petition Two, which was the first petition to allege intoxication manslaughter, fell outside the three-year window. The State argues that intoxication manslaughter does not have a limitations period. We agree with the State.

Chapter 12 of the Texas Code of Criminal Procedure lists the relevant statutes of limitations for various felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01. For "murder and manslaughter," there is no limitation. *Id.* art. 12.01(1)(a). For "all other felonies," there is a three-year statute of limitations. *Id.* art. 12.01(8). Floyd argues that intoxication manslaughter falls within the catch-all provision of Article 12.01(8) because intoxication manslaughter is not specifically referenced anywhere in Chapter 12. We have found no court of criminal appeals cases discussing whether intoxication manslaughter falls under the "no limitations" period for manslaughter and murder or the general three-year limitations period for "all other felonies." However, the Texas Court of Criminal Appeals has addressed an analogous argument. In *Demouchette v. State*, 731 S.W.2d 75, 80 (Tex. Crim. App. 1986), the defendant argued that capital murder fell under the "all other felonies" section of Chapter 12 because it was not specifically referenced. However, the Court held that "[c]apital murder is a species of murder and as such is provided for by Article 12.01(1)" rather than the "all other felonies" provision. *Id.*

4

Recently, the court of appeals in San Antonio addressed Floyd's exact argument. *See Gallegos v. State*, No. 04-18-00806-CR, 2019 WL 4280071, at *2 (Tex. App.—San Antonio Sept. 11, 2019, no pet. h.) (mem. op., not designated for publication). Citing to *Demouchette*, our sister court concluded that "intoxication manslaughter is encompassed within the term manslaughter in article 12.01(1)(A) and is subject to no limitations period." *Id.*

Additionally, we note that for double jeopardy purposes, the court of criminal appeals has held that intoxication manslaughter and manslaughter are "the same offense." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). Even though *Bigon* did not specifically address the statute of limitations, we find its analysis insightful. In reaching its conclusion, the court observed that prior to 1994, intoxication manslaughter was in the same chapter as manslaughter because it "was considered an alternative way to commit manslaughter." *Id.* at 371. The court opined that moving intoxication manslaughter to Chapter 49 of the Texas Penal Code was "largely for housekeeping purposes" because despite being moved to a chapter about intoxication-related offenses, intoxication manslaughter is ultimately still "an offense that addresses homicide." *Id.* The court also concluded that despite being moved to Chapter 49, intoxication manslaughter "kept the title of manslaughter, indicating that it is still considered a homicide." *Id.*

Therefore, we conclude that intoxication manslaughter is a species of manslaughter and is thus provided for by Article 12.01(1) rather than article 12.01(8). *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1), (8); *Bigon*, 252 S.W.3d at 372; *Demouchette*, 731 S.W.2d at 80; *see also Gallegos*, 2019 WL 4280071, at *2. Accordingly, intoxication manslaughter is not subject to any limitations period, and the trial court did not err in

denying habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1); *Collazo*, 264 S.W.3d at 126.

Alternatively, even if we assume that intoxication manslaughter falls under the three-year statute of limitations, "a prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004); *see* TEX. CODE CRIM. PROC. ANN. art. 12.05(b) ("The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation."). Floyd argues that the present case is similar to *Marks v. State*, 560 S.W.3d 169, 171 (Tex. Crim. App. 2018). However, we find *Marks* to be distinguishable. In *Marks*, the court of criminal appeals concluded that the State's original indictment did not toll the limitations period for the offenses alleged in the amended indictments. *See id.* The State's original indictment alleged the defendant provided security services as an unlicensed guard company. The amended indictments alleged that the defendant accepted employment to carry a firearm without being personally commissioned as a security officer. *See id.* However, the court concluded that it was "not clear at all that the same transaction, much less the same act or conduct, is being alleged." *Id.*

In contrast, in the present case, the original manslaughter counts in Petition One alleged the same victims that were killed as a result of the same car collision as alleged in Petitions Two and Three. Even though there would be a difference in proving whether the collision involved recklessness or intoxication, it is clear that each of the indictments are referring to a singular transaction—a car crash that resulted in two deaths. Therefore, the State's petition in this case would have tolled the statute of limitations. *See*

6

*Hernandez*, 127 S.W.3d at 774. Accordingly, the trial court did not err in denying habeas relief. *See Ex parte Smith*, 178 S.W.3d at 801.

We overrule Floyd's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of November, 2019.