

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0236-20

### THE STATE OF TEXAS

### v.

### TIMOTHY MARK WEST, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**YEARY, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Is amphetamine more like methamphetamine than Tramadol is like Oxycodone? The Court seems to think so, because it believes that an indictment that charges possession of methamphetamine has alleged more or less the "same" offense as one that charges possession of amphetamine, while an indictment that charges Tramadol is not at all the "same" as one that alleges Oxycodone.

The Court says that, because the indictments in this case did not allege only simple possession, but also other offenses along with various manners and means, *Hernandez* does not control. *See* Majority Opinion at 8–11 (purporting to distinguish *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004)). But, as in *Hernandez*, the indictments here

are identical but for the two different controlled substances they allege. Whatever different permutations and combinations that apply to the one set of allegations (Tramadol) in the first indictment will apply in equal measure to the other set of allegations (Oxycodone) in the later indictment. Unless the substances themselves are radically different (unlike in *Hernandez*), then the notice to Appellant is the same. So, to me, again, it boils down to: Is amphetamine more like methamphetamine than Tramadol is like Oxycodone? I do not know how to answer that question, much less how the Court knows.

I repeat what I said in *Marks*. Article 12.05(b) is clear: "The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. art. 12.05(b). The statute does not ask, as the Court requires in both *Hernandez*, 127 S.W.3d at 774, and in *Marks*, 560 S.W.3d 169, 170 (Tex. Crim. App. 2018), whether "both indictments allege the same conduct, same act, or same transaction." It simply focuses on the existence of a pending indictment, information, or complaint.

The Court once again wrestles with the vagaries of language generated by *its own* misguided pronouncements in past opinions rather than to implement the simple, straightforward language contained in Article 12.05(b) itself. *See, e.g.*, *Marks*, 560 S.W.3d at 171 (holding that an indictment alleging that the appellant provided security service as an unlicensed guard company did not charge "the same conduct, same act, or same transaction" as the one alleging that he accepted employment to carry a firearm without being personally commissioned to be a security officer) (citing *Hernandez*, 127 S.W.3d at 774); TEX. CODE CRIM. PROC. art. 12.05(b) ("The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.").

I believe the Court was mistaken in *Hernandez* to conclude that, "[i]f we were to read 'an indictment' to mean *any* indictment for *any* unrelated offense, then a person could be continually indicted for any offense that the State felt inclined to charge once an initial indictment was filed." *See Hernandez*, 127 S.W.3d at 772. This assertion begins by failing the test of basic logic. The *Hernandez* Court's construction of the limitations statute would not *permit* the State to file an indictment of any kind. Prosecutors are bound by the limitation that indictments are based on probable cause to believe an offense has been committed. Moreover, although it is often claimed that "prosecutors could indict a ham sandwich," it is simply not true that the State has unfettered powers to indict, for whatever it feels inclined to indict, whenever it wants. The assertion also flies in the face of the grand jury requirements as well as the principles and laws requiring that prosecutors should, in good faith, seek justice and not merely an accumulation of convictions. And, even if the assertion were correct, it would violate the Texas Constitution's separation of powers provision for the courts to attempt to remedy merely-anticipated abuses by misconstruing a clear, plain, and valid legislative enactment. TEX. CONST. Art. II, § 1.

I would simply hold, for the reasons explained here and in my dissenting opinion in *Marks,* that the running of the statute of limitations is tolled during the pendency of *any* "indictment, information, or complaint" against the defendant. *Id*. at 174–76 (Yeary, J., dissenting). On that basis, I would affirm the judgment of the court of appeals in this case. Because the Court does not, I respectfully dissent.

FILED:                         October 27, 2021
PUBLISH