# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00109-CR

---

**Noah Michael Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. CR2023-557A, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Noah Michael Johnson challenges his convictions for assault family-violence with a previous family-violence conviction and assault family-violence by impeding breath or circulation with a previous family-violence conviction (the family-violence offenses). *See* Tex. Penal Code § 22.01(b)(2)(A), (b-3). He contends that the trial court erred by denying his motion to dismiss based on a violation of his speedy-trial right and his assertion that the statute of limitations had run before the State indicted him for the two family-violence offenses. Because we conclude that the trial court erred by not dismissing the family violence charges as barred by the statute of limitations, we reverse the trial court's judgments of conviction and remand to the trial court for proceedings consistent with this opinion, including dismissal of the amended indictment.[1]

---

[1] Because we grant relief on the limitations issue, we will not address the speedy-trial issue. *See* Tex. R. App. P. 47.1.

## BACKGROUND

In March 2018, Johnson was indicted for attempted murder. The charge alleged that on or about August 13, 2017, Johnson, with the specific intent to commit the offense of murder, attempted to commit the murder of Samantha Christensen by punching or striking her in the head and pushing and holding her under water.

At trial, the State presented witness testimony as well as a photo of Christensen taken after the incident, which depicted a large bump on her forehead. Christensen did not testify. According to the State's witnesses—three friends that were floating the river in New Braunfels—Johnson and Christensen started having an argument while floating the river that escalated from verbal to physical. Christensen slapped Johnson in response to him calling her a derogatory term. Johnson responded by shouting, "I'll f***ing kill you, b***h," and forcing her head under water. One of the friends swam towards them to intervene because "she was drowning." Johnson released Christensen and swam away. The friends helped Christensen get out of the river and get help from police. Johnson was arrested in October 2017.

In August 2023, the State charged Johnson with a new indictment, which in addition to the attempted murder offense also alleged that he committed aggravated assault with a deadly weapon, and the two family-violence offenses. The two family-violence offenses alleged that:

### Count III

on or about the 13th day of August, 2017, [Johnson], then and there intentionally, knowingly, and recklessly cause bodily injury to Samantha Christensen, a person whose relationship to or association with the Defendant is described by § 71.0021(b), § 71.003, or § 71.005 of the Texas Family Code, by punching or striking the said Samantha Christensen in the head and pushing and holding the said Samantha Christensen under water,

. . . .

Count IV

> on or about the 13th day of August, 2017, [Johnson], did then and there intentionally, knowingly, and recklessly cause bodily injury to Samantha Christensen, a person whose relationship to or association with the Defendant is described by § 71.002l(b), § 71.003, or § 71.005 of the Texas Family Code, by impeding the normal breathing or circulation of the blood of the said Samantha Christensen by blocking the nose or mouth or by causing water to block the nose or mouth of the said Samantha Christensen.

Both family-violence offenses also alleged that before the commission of the offense, Johnson had previously been convicted of assault family-violence.

In September 2023, Johnson filed motions to dismiss both indictments for violation of his speedy-trial right and to dismiss the new indictment as barred by the statute of limitations. After a hearing on the issue and receiving additional post-hearing briefing, the trial court denied Johnson's motions to dismiss. The trial proceeded.

After the State rested, Johnson moved for directed verdict on the attempted-murder and aggravated-assault charges, which the trial court granted. The two family-violence charges were presented to the jury. After hearing all the evidence, the jury found Johnson guilty of both counts of family violence and assessed punishment at four years' imprisonment for the assault family-violence with a previous conviction offense and six years' imprisonment for the assault family-violence by impeding breath or circulation with a previous conviction. *See* Tex. Penal Code § 12.42(a), (b). The trial court entered judgment on the two convictions with the sentences to run concurrently. Johnson filed a motion for new trial, which was overruled by operation of law. Johnson appealed.

3

**STATUTE OF LIMITATIONS**

Johnson contends that the trial court should have dismissed the subsequent indictment, which charged him with the two family-violence offenses. He contends that the statute of limitations had run on those offenses. The State contends that the statute of limitations was tolled by the attempted murder indictment.

An indictment must indicate, on its face, that the prosecution is not barred by the applicable statute of limitations. *Mercier v. State*, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010); *see* Tex. Code Crim. Proc. art. 21.02(6). "The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." Tex. Code Crim. Proc. art. 12.05(b). "[A] prior indictment tolls the statute of limitations . . . for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004). However, "[a] subsequent indictment is barred by the statute of limitations if it broadens or substantially amends the charges in the original indictment." *Id.* at 773.

Here, it is undisputed that if tolling does not apply, the statute of limitations ran for the family-violence offenses between the filing of the first and second indictments against Johnson. *See* Tex. Code Crim. Proc. art. 12.01(4)(G). Thus, the definitive question is whether "both indictments allege the same conduct, same act, or same transaction." *See State v. West*, 632 S.W.3d 908, 911 (Tex. Crim. App. 2021). This requirement serves the purpose of ensuring that the defendant can preserve the facts that are essential to his defense, which requires the defendant to be given adequate notice of a charge. *Id.* Notably, the Texas Court of Criminal Appeals has established that the proper tolling analysis is very fact specific to each case based on the substance of the facts—or lack thereof—included in the indictments that are being compared.

4

*See Marks v. State*, 560 S.W.3d 169, 171 (Tex. Crim. App. 2018) (explaining that it is possible that indictments charging same offenses as ones implicated in that case could allege same act, conduct, or transaction but that lack of facts outside of tracking relevant statutory language resulted in conclusion that tolling did not apply).

In *Hernandez*, the Texas Court of Criminal Appeals held that a prior indictment tolled the limitations period when it charged the defendant with possession of amphetamine and the subsequent indictment charged him with possession of methamphetamine. *See* 127 S.W.3d at 769. The Court reasoned that both indictments alleged the same conduct—possession of a controlled substance—and that although the named drugs were different, they referred to the same item found on the defendant, which was "a light brown powder" contained in "a plastic baggie." *Id.*

However, in *West*, the Court held that an indictment that was amended to change the controlled substance from Tramadol to Oxycodone did not toll the limitations period and explained how the facts before it were not the same as those before it when it decided *Hernandez*. *See* 632 S.W.3d at 914–15. The previous indictment in *West* alleged "three counts of knowingly possessing or attempting to obtain the drug Tramadol by misrepresentation, fraud, forgery, deception, or subterfuge." *Id.* at 910. The Court reasoned that there were several ways someone could theoretically commit the offense of attempted possession, especially when the indictment tracked the statute and alleged multiple manners and means in which to commit attempted possession. *Id.* at 913. The Court explained that in *Hernandez* the evidence for both named drugs was the same bag and thus preserving the evidence for the prior versus the subsequent charge was so similar that it "provided the type of clear notice necessary to identify and preserve the facts and witnesses essential to defend against the subsequent indictment." *Id.*

5

at 914. Comparing it to the facts before it, the Court noted that if West's defense against the prior indictment was that he had a valid prescription, he would have been on notice that he needed to preserve evidence of a valid Tramadol prescription, but not for any other drugs he was on, including Oxycodone. *Id.* at 915.

*Marks* provides another example of the Texas Court of Criminal Appeals concluding that a subsequent amendment to an indictment added a new offense and that the previous version did not toll the statute of limitations. *See* 560 S.W.3d at 170–71. There, the prior indictment charged the defendant with acting as a guard company by providing security services without a license and the amended indictment charged him with accepting employment as a security officer to carry a firearm without a security officer commission. *Id.* The Court supposed a potential scenario in which the defendant, facing the prior indictment, did in fact have a license and planned to use a defensive strategy revolving around proving up the license. *Id.* The Court reasoned that the prior indictment did not toll because there was nothing in it to give him notice "that the State was accusing him of (or that he needed to defend against) the allegation that he carried or agreed to carry a firearm without having been personally commissioned to do so." As the Court summarized in *West*, "[t]he lesson to take from *Marks* is to answer the *Hernandez* inquiry by focusing on whether the defensive strategy to the prior indictment's allegations would have necessarily translated into defenses to the subsequent indictment's allegations." *See* 632 S.W.3d at 915.

We will review the trial court's ruling on limitations de novo because the sufficiency of an indictment, *see Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007), and whether an indictment is barred by the statute of limitations, s*ee Martinez v. State*,

6

527 S.W.3d 310, 322 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd), are questions of law.

Here, Johnson contends that the two indictments do not allege the same conduct, act, or transaction because his defense for the attempted murder offense could have been that he did not have the intent to commit murder. He reasons that the original indictment did not put him on notice of the family-violence offenses because they include different mental states, the allegation of bodily injury, the allegation of a family or dating relationship, and the enhancements for a prior family-violence conviction.

As an initial matter, we note that the attempted murder charge and the two subsequent family violence charges all alleged the same "on or about" date. However, this fact is "not determinative" here, because when an indictment alleges "'on or about' a particular date—[it] merely puts an accused on notice that he needs to prepare for proof that the event alleged happened at any time within the relevant statutory period of limitations and not just for the date alleged." *See West*, 632 S.W.3d at 913. We thus compare the remaining allegations of the attempted murder and the two family-violence offenses as charged.

As indicted, the attempted murder charge alleged that (1) Johnson had the specific intent to commit the offense of murder against Christensen, (2) that he attempted to murder Christensen, and (3) that he punched or struck her in the head, and (4) pushed and held her under water. Both family violence offenses, as charged, alleged that (1) Johnson intentionally, *knowingly, and recklessly*, (2) *caused bodily injury*, (3) to Christensen, (4) *with whom he had a dating relationship*. Additionally, the Count III family violence charge alleged, as did the attempted murder charge, that he punched or struck Christensen in the head, and pushed and held her under water. The Count IV family violence charge instead alleged that he *impeded her*

7

*normal breathing or circulation of the blood by blocking or causing water to block her nose or mouth.* We have italicized the factual allegations contained in the family violence offenses that were not included in the prior indictment, and thus, require consideration of whether Johnson was on notice to preserve the relevant evidence.

We will first consider the allegation that differentiates the two family-violence offenses. Specifically, Count IV's allegation of impeded breathing or circulation "by blocking the nose or mouth or by causing water to block the nose or mouth of the said Samantha Christensen." We conclude that this allegation falls clearly within the reasoning followed in *Hernandez*. Although the evidence involved in proving impeded breathing or circulation could have been slightly different than for pushing and holding her head under water, both rest on the same proof—that he forced her head under water. *See Hernandez*, 127 S.W.3d at 774.

However, when we consider the other additional allegations and focus "on whether the defensive strategy to the prior indictment's allegations would have necessarily translated into defenses to the subsequent indictment's allegations," *West*, 632 S.W.3d at 915, we conclude that this case falls exactly into the lesson that we were directed to take from *Marks* by the Court in *West*. *See. id.* As Johnson contends, his defense to attempted murder could have been that he did not intend to murder Christensen. He could have admitted the other conduct and focused on his intent. The prior indictment gave him no notice that he would need to preserve any evidence of a defense regarding not being in a dating relationship with Christensen or not causing her bodily injury. For example, if Johnson had evidence that Christensen had entered the river with a bump on her head, he would not have necessarily preserved that as part of his intent-based defense against attempted murder. The conduct he was accused of committing in the prior indictment was attempting to intentionally cause death. The conduct he was

8

subsequently charged with was causing bodily injury to a person he was dating. As the Court did in its reasoning in *West*, we recognize "that there were some common elements between the two indictments," but we also note "the differences and the impact those differences could make to the possible defense." *See id.* at 914.

We conclude that the subsequent indictment does not necessarily charge the same act, conduct, or transaction as the prior. Thus, the statute of limitations was not tolled, and the trial court erred by not dismissing the subsequent indictment as barred by the statute of limitations. We sustain Johnson's second issue.

## CONCLUSION

We reverse the trial court's judgments of conviction in case number CR2023-557A for Counts III and IV and remand the case to the trial court for dismissal of the subsequent indictment. *See Owens v. State*, __S.W.3d__, 2025 WL 1587690, at *9 (Tex. Crim. App. 2025); *Marks v. State*, 525 S.W.3d 403, 417–18 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 560 S.W.3d 169 (Tex. Crim. App. 2018).

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Reversed and Remanded

Filed: December 17, 2025

Do Not Publish

9